**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TINGTING LIAO,<br><br>*Plaintiff*,<br><br>v.<br><br>HOOYOO, JANMOON, ONLYHIM and XYTIDUKEJI,<br><br>*Defendants*. | Case No. |

# COMPLAINT

Plaintiff Tingting Liao, ("Plaintiff" or "Liao") hereby brings this action for copyright infringement against the Defendant Amazon Stores hooyoo (Store ID AOX0XCLW39Q7T), Janmoon (Store ID AGDJ0J1PMYNTO), ONLYHIM (Store ID A3FWROYUPYSCKG) and XYTIDUKEJI (Store ID A1RX3WRBRQNH8H) (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff files this action to combat online infringers who reproduce and distribute copies of Plaintiff's copyrighted work to the public by sale and/or prepare derivate works based upon Plaintiff's copyrighted work ("Infringing Products").

2. The copyrighted works at issue include U.S. Copyright No. VA 2-432-454 (the "'454 Copyright"), which is a 2D visual material work depicting uniquely artistically created leaves. The '454 Copyright is valid, subsisting, and in full force and effect. True and correct copy of the Certificates of Registration of the '454 Copyright is attached hereto as Exhibit 1.

**PARTIES**

3. Plaintiff Tingting Liao is a Chinese resident with its principal place of business at Room 1303, No. 130 Wuyuan West Sanli, Huli District, Xiamen, Fujian Province, China. Liao is the registered owner of the '454 Copyright.

4. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China. It is further alleged, upon information and belief, that Defendants are owned by the same infringer(s) or are commonly controlled by them. Defendants conduct business throughout the United States, including within the State of Massachusetts and this Judicial District, through the operation of the fully interactive Amazon marketplace storefronts ("Defendant Amazon Storefronts"). Each Defendant targets consumers in the United States, including Massachusetts, and upon information and belief, has distributed the Infringing Products to consumers within the United States, including Massachusetts.

**JURISDICTION AND VENUE**

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1331 as this action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*.

6. This Court may properly exercise personal jurisdiction over Defendants, because each of the Defendants directly targets consumers in the United States, including Massachusetts, through at least the Defendant Amazon Storefronts. Specifically, Defendants are reaching out to do business with Massachusetts residents by operating one or more commercial, interactive Amazon Storefronts through which Massachusetts residents can purchase the Infringing Products. Each Defendant has targeted Massachusetts residents by operating the Defendant Amazon Storefronts that offer shipping to the United States, including Massachusetts, accept payment in

U.S. dollars, and, on information and belief, have reproduced and distributed the Infringing Products to residents of Massachusetts. Each of the Defendants is committing tortious acts in Massachusetts, is engaging in interstate commerce, and has wrongfully caused Liao substantial injury in the State of Massachusetts.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Defendants are foreign entities residing in China and have committed acts of copyright infringement in this judicial district, do substantial business in the judicial district.

## BACKGROUND

### A. Liao and the Copyright

8. Since no later than August 2015, Liao has developed into one of the fastest-growing designers and manufacturers of household décor products. Liao's products are recognized for offering consumers great value without compromising quality.

9. Through licensed distributors, products bearing Liao's unique and artistical '454 Copyright have been well accepted and appreciated by the U.S. customers.

10. Defendant hooyoo is identified by Amazon store ID AOX0XCLW39Q7T. In violation of Liao's exclusive rights in the '454 Copyright, hooyoo operates ASIN B0G5HGB9J8, which contain reproductions and/or derivate works of the '454 Copyright which are distributed to the public by sale and/or offer to sell. *See* Exhibit 2, Part 1 at pp. 2-10; Exhibit 3.

11. Defendant Janmoon is identified by Amazon store ID AGDJ0J1PMYNTO. In violation of Liao's exclusive rights in the '454 Copyright, Janmoon operates ASIN B0GWLW2FR9, which contains reproductions and/or derivate works of the '454 Copyright which are distributed to the public by sale and/or offer to sell. *See* Exhibit 2 at pp. 11-21; Exhibit 3.

12. Defendant ONLYHIM is identified by Amazon store ID A3FWROYUPYSCKG. In violation of Liao's exclusive rights in the '454 Copyright, ONLYHIM operates ASINs B0F7L46VF5 and B0F7L1HXLG, which contain reproductions and/or derivate works of the '454 Copyright which are distributed to the public by sale and/or offer to sell. *See* Exhibit 2 at pp. 22-42; Exhibit 3.

13. Defendant XYTIDUKEJI is identified by Amazon store ID A1RX3WRBRQNH8H. In violation of Liao's exclusive rights in the '454 Copyright, XYTIDUKEJI operates ASINs B0DFPF215Z, B0DFPH45BX, B0DMSBQS5B and B0DZP3XCSZ, which contains reproductions and/or derivate works of the '454 Copyright which are distributed to the public by sale and/or offer to sell. *See* Exhibit 2 at pp. 43-86; Exhibit 3.

14. Upon information and belief, the Defendants who have shared ownership or controlled by the same infringer(s) have acted in active concert to unlawfully reproduce and distribute copies of the '454 Copyright to the public through sales and/or the preparation of derivative works based upon the '454 Copyright within the same transaction, occurrence, or series of transactions or occurrences. However, Defendants' current reliable addresses remain unknown to Plaintiff.

15. Defendants have unlawfully reproduced, distributed, and prepared derivate works based on the '454 Copyright without Liao's authorization or consent.

16. Defendants have improperly copied and exploited the '454 Copyright willfully, and in disregard of, and with indifference to, Liao's intellectual property rights. Defendants engaged in this intentional and infringing conduct to reap the creative, artistic, and aesthetic benefit and value associated with the '454 Copyright. By failing to obtain Liao's authorization to reproduce and distribute the '454 Copyright or to compensate Liao for the use, Defendants have avoided

paying license fees and other financial costs associated with obtaining permission to exploit the ’454 Copyright, as well as the restrictions that Liao is entitled to and would place on any such exploitation as conditions for Liao’s permission, including the right to deny permission altogether. In addition, Liao’s business reputation and goodwill have been significantly injured. Further, consumers have often been misled into believing that they were buying Liao authorized products only to discover that, in fact, they were receiving inferior imitations.

17. Tactics used by Defendants to conceal the full scope of their operation make it virtually impossible for Liao to learn Defendants’ exact interworking of their infringing network. In the event that Defendants provide additional credible information regarding their identities, Liao will take appropriate steps to amend the Complaint.

18. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Amazon Storefronts. On information and belief, Defendants regularly create new Amazon marketplace accounts named in this Complaint, as well as other unknown fictitious names and addresses. Such Defendant Amazon Storefront registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, all in an effort to avoid liability.

19. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

20. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

**CLAIM ONE - COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

21. Liao hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

22. Liao owns all exclusive rights in the '454 Copyright as provided by 17 U.S.C. §§ 106 through 122, including without limitation the rights to reproduce the '454 Copyright in copies, to prepare derivative works based upon the '454 Copyright, and to distribute copies of the '454 Copyright to the public by sale or other transfer of ownership, or by rental, lease, or lending.

23. Defendants have violated these exclusive rights by reproducing and distributing copies of the '454 Copyright to the public by sale and/or preparing derivate works based upon the '454 Copyright. For example, Defendants are reproducing, selling, offering to sell, marketing, distributing, and advertising copies and/or derivate works of the '454 Copyright without Liao's permission.

24. Defendants had access to the '454 Copyright as Liao published it on online platform(s) and authorized use on products, before Defendants created their listings of Infringing Products on Defendant Amazon Storefronts.

25. Defendants' exploitation of the '454 Copyright via the Defendant Amazon Storefronts constitutes infringement of the '454 Copyright.

26. On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of the '454 Copyright. Each Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Liao made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of the infringing Defendant Amazon Storefronts. Each Defendant continues to infringe upon Plaintiff's '454 Copyright.

27. As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Liao. Accordingly, Plaintiff seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

28. In the alternative, Liao is entitled to and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c)(1), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

29. Moreover, Liao is entitled to injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' Infringing Products be impounded and destroyed.

30. Liao seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

31. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known '454 Copyright.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Liao respectfully demands a trial by jury on all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Liao prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily and/or permanently enjoined and restrained from:

a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the ’454 Copyright;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the ’454 Copyright; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

2) Entry of an Order that, upon Liao’s request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the “Third Party Providers”) shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the '454 Copyright;

b. cease continuing providing services to Defendants that Defendants have used to infringe the '454 Copyright; and

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods practicing the '454 Copyright;

3) That Liao be awarded such actual damages as it shall prove at trial against Defendants that are adequate to compensate Liao for infringement of the '454 Copyright, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the '454 Copyright;

4) In the alternative, that Liao be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of the '454 Copyright pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

DATED: October 27, 2026

Respectfully submitted,

By: */s/ Tong Jin*
Tong Jin
BBO # 708048
tjin@nilawfirm.com

**NI, WANG & MASSAND, PLLC**

8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*